**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**TUAN LE,**

    **Petitioner,**

**v.**                                        **CIVIL ACTION NO. 1:15-CV-153**
                                               **(Judge Keeley)**

**CHARLES WILLIAMS, Warden**

    **Respondent.**

## RESPORT AND RECOMMENDATION

## I. BACKGROUND

On September 3, 2015, the *pro se* Petitioner filed an Application for Habeas

Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] and a Motion for Leave to Proceed in

forma pauperis. ECF No. 2. Petitioner is a federal inmate housed at FCI Gilmer and is

challenging the validity of sentences imposed in the United States District Court for the

Eastern District of Pennsylvania. ECF No. 1 at 3. This matter is pending before the

undersigned for an initial review and Report and Recommendation pursuant to LR PL P

2.

## II. FACTS[1]

On November 10, 2010, Petitioner was indicted on charges stemming from two

separate robberies that occurred on the evening of January 28, 2010 in the city of

Philadelphia, Pennsylvania. ECF No. 18 at 2. The five-count Indictment charged

Petitioner with one count of conspiracy to commit robbery which interfered with

---

[1] All ECF references in this section refer to case no. 2:10-CR-742, Eastern District of
Pennsylvania.

interstate commerce, in violation of 18 U.S.C. § 1951(a) (Count One); two counts of interfering with interstate commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Two and Four); and two counts of carrying and using a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Three and Five). Id. at 1-2.

Pursuant to a written plea agreement filed on February 8, 2012 [ECF No. 72], Petitioner pled guilty to Counts One through Four of the Indictment. ECF No. 74. At no time during the plea hearing did Petitioner state that he was dissatisfied with the legal assistance provided by his attorney. ECF No. 74. On July 20, 2012, the Court formally accepted the plea agreement and sentenced Petitioner to 300 months' imprisonment, five years of supervised release, a $2,000 fine, and a special assessment of $400. ECF No. 86. Pursuant to the plea agreement, Count Five of the Indictment was dismissed by the Government. ECF No. 87.

Petitioner filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit on July 31, 2012. ECF No. 90. The Government then filed a Motion to Enforce the Appellate Waiver contained within the plea agreement. ECF No. 109. The Court of Appeals ruled in favor of the Government regarding its motion on February 28, 2013. Id. Thereafter, on July 25, 2013, Petitioner filed a Motion to Vacate his conviction under 28 U.S.C. § 2255 and claimed that his Sixth Amendment rights were violated due to ineffective assistance of counsel. ECF No. 110. Petitioner's Motion to Vacate was denied on October 15, 2014. ECF No. 123.

On October 27, 2014, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit seeking a Certificate of Appealability regarding the

sentence imposed by the District Court for the Eastern District of Pennsylvania. ECF No. 125. Petitioner's request for a Certificate of Appealability was subsequently denied on July 1, 2015. ECF No. 128.

## III. <u>CLAIMS OF PETITION</u>

In support of his section 2241 petition before this Court, Petitioner raises two (2) grounds for relief:

(1) he was actually and factually innocent of the charged offenses set forth in the Indictment; and

(2) he was deprived of his Sixth Amendment right to counsel because, as he argues, his counsel's investigation regarding the substance of the Indictment was deficient.

ECF No. 1 at 5. For relief, Petitioner requests that this Court grant his section 2241 petition or, in the alternative, remand his case for an evidentiary hearing regarding the circumstances of his conviction. <u>Id.</u> at 8.

## IV. <u>STANDARD OF REVIEW</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As

a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under section 2255 in the district court of conviction.  A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence."  Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.  The

4

law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective.  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).   A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one.  In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

a.  The date on which the judgment of conviction becomes final;
b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It appears that Petitioner is raising the savings clause and claiming the element of actual innocence. However, in order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the <u>Jones</u> requirements.[3] This Petitioner has not, and cannot, do. Even if Petitioner satisfied the first and the third elements of <u>Jones</u>, the crime for which he was convicted remains a criminal offense, and therefore Petitioner cannot satisfy the second element of <u>Jones</u>.   Accordingly, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the <u>Jones</u> requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);

---

[3] *See* <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255.  A freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

(1984).

The Clerk of the Court is directed to mail a copy of this Report and

Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to

his last known address as reflected on the docket sheet.

DATED: June 8, 2016

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE