IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TUAN LE,**

      **Petitioner,**

v.                                        CIVIL ACTION NO. 1:15CV153
                                                           (Judge Keeley)

**CHARLES WILLIAMS,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14]
AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

On February 9, 2012, in the Eastern District of Pennsylvania, the petitioner, Tuan Le ("Le"), pleaded guilty to various charges stemming from his alleged participation in two armed robberies (Dkt. Nos. 73; 74).[1] These included one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a); two counts of aiding and abetting the interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) and 2; and one count of aiding and abetting carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 2 (Dkt. Nos. 18; 73). The district court sentenced Le to a total term of 300 months of incarceration (Dkt. No. 85). Thereafter, he pursued an unsuccessful direct appeal, as well as an unsuccessful motion to vacate his conviction under 28 U.S.C. § 2255 (Dkt. Nos. 109; 123; 128).

---

[1] All citations in this paragraph reference Criminal Action No. 2:10cr742 in the Eastern District of Pennsylvania.

**LE V. WILLIAMS**                                                                 **1:15CV153**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14]
AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

On September 3, 2015, Le filed the pending Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). Le is currently incarcerated in the Northern District of West Virginia at Federal Correctional Institution, Gilmer, and he properly filed the Petition in his district of confinement. Id. at 1; Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004). In the Petition, Le seeks to have the Court vacate his conviction under 18 U.S.C. § 1951(a), otherwise known as Hobbs Act robbery (Dkt. No. 1-1 at 19). In support, he argues that he is actually and factually innocent of the crime because the government failed to present proof that the establishments at issue affected interstate commerce. Id. at 9. He also argues that the government violated the principles of federalism by prosecuting him, and that his attorney ineffectively investigated both the substance of the indictment and the circumstances of his case (Dkt. No. 1 at 5, 17).

Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review. On June 8, 2016, Magistrate Judge Trumble entered a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the Petition (Dkt. No. 15 at 6). He reasoned that Le cannot utilize § 2241, rather than

**LE V. WILLIAMS**                                                                            **1:15CV153**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14]
AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

§ 2255, to attack his conviction because the conduct for which he was convicted remains a criminal offense. Id.

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). On June 24, 2016, Le filed timely objections to the R&R, reasserting that he is "actually and factually innocent of the Hobbs Act robbery" (Dkt. No. 17 at 5). He further argues that the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), renders void his conviction under 18 U.S.C. § 924(c) (Dkt. No. 17 at 4). After de novo review of the R&R, the Court finds that Le's objections are without merit.

As outlined in the R&R, it is well established that challenges to conviction and sentence validity are properly brought pursuant to 28 U.S.C. § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Only in limited circumstances, when § 2255 is an "inadequate or ineffective

**LE V. WILLIAMS** **1:15CV153**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14] AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to § 2241. In re Vial, 115 F.3d at 1194 n.5; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). In the Fourth Circuit, a petitioner may establish "that § 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Essentially, a prisoner must have "had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, 617 F.3d at 807.

Here, as Magistrate Judge Trumble reasoned, Le simply has not established that § 2255 is an inadequate or ineffective remedy because he has not met the requirements articulated in In re Jones (Dkt. No. 15 at 6). The only requisite change in substantive law that he cites is the Supreme Court's decision in Johnson v. United States (Dkt. No. 17 at 4). That new rule, however, is one of constitutional law and satisfies the gatekeeping provisions of

4

**LE V. WILLIAMS**  1:15CV153

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14] AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

§ 2255. Rice, 617 F.3d at 807.[2] Therefore, the Court concludes that Le has not satisfied the stringent requirements to challenge his conviction and sentence through § 2241, rather than § 2255.

For the reasons discussed, the Court:

1) **OVERRULES** Le's objections (Dkt. No. 17);

2) **ADOPTS** the R&R (Dkt. No. 14);

3) **DENIES** the Petition (Dkt. No. 1); and

4) **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of this Order to counsel of record and to the pro se petitioner by certified mail, return receipt requested.

DATED: April 6, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, on June 15, 2016, the Federal Community Defender in the Eastern District of Pennsylvania filed a § 2255 motion on Le's behalf in light of Johnson v. United States (E.D. Pa., Crim. No. 2:10cr742, Dkt. No. 133).